IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL BABCOCK,

        Plaintiff,

v.

STATE OF MICHIGAN and
MICHIGAN STRATEGIC FUND,

        Defendants.

Case No. 2:12-cv-13010

_____/

THE SAM BERNSTEIN LAW FIRM
Richard H. Bernstein (P58551)
Attorney for Plaintiff
31731 Northwestern Highway, Ste. 333
Farmington Hills, MI 48334
248-737-8400
_____/

## COMPLAINT

Plaintiff, JILL BABCOCK, by and through her undersigned attorneys, hereby sues Defendants, STATE OF MICHIGAN; and MICHIGAN STRATEGIC FUND, (Collectively, "Defendants"), and states as follows:

### INTRODUCTION

1.     Plaintiff brings this action to put an end to Defendants', State of Michigan (Michigan) and Michigan Strategic Fund (MSF), failure to comply with the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 et seq. ("ADA"), the ADA Accessibility Guidelines (ADAAG), 28 C.F.R. § 36app. D., and the Rehabilitation Act of 1973, 29 U.S.C. 794, et seq.



THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

1

2. The Defendants are discriminating against Plaintiff and others similarly situated by denying them equal access to Cadillac Place, located at 3044 West Grand Boulevard, in Detroit, Michigan. The discriminatory acts and omissions are violations of the above-referenced statutes and include, but are not limited to, the following:

   a. The Defendants have undertaken costly and substantial renovations to Cadillac Place that they know, or should know, triggers compliance with the ADA.

   b. Failure to provide adequate parking for the disabled in parking areas operated and / or controlled by the Defendants.

   c. Failure to protect or prevent the obstruction of curb ramps by illegally parked, state-owned vehicles.

   d. Failure to comply with ADAAG requirements regarding the slope of ramps positioned at the accessible entrances of the building.

   e. Failure to provide handrails at accessible entries.

   f. Failure to provide adequate timing and an adequate floor plan in order to allow disabled individuals an opportunity to safely board elevators.

   g. Failure to provide interior doorways with the necessary hardware and opening force to allow access by disabled individuals.

   h. Failure to slope the changes of level greater than one-quarter of an inch at the entrances to the restrooms.

3. By ignoring the needs and dignity of disabled patrons, and denying equal access to Cadillac Place for Plaintiff and others with disabilities, the Defendants treat her as a second-class citizen, and unjustly disregard her basic rights to equality and dignity,

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

and cause embarrassment, humiliation, harassment and emotional distress. Therefore, Plaintiff seeks injunctive relief and declaratory relief to redress Defendants' past and continuing violation of her rights under federal law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331, because Plaintiff's claims arise under a federal statute, the ADA. In addition, this Court has jurisdiction over Plaintiff's claims for declaratory relief, pursuant to 28 U.S.C. 2201-02.

5. Venue is proper in the Eastern District of Michigan, Southern Division, because both Defendants are residents of the State of Michigan and reside within this district pursuant to 28 U.S.C. 1391, and because the events, acts, and omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

6. Plaintiff, Jill Babcock, is an individual who is disabled due to Friedreich's Ataxia, living in Farmington, Michigan, works in Cadillac Place, and wishes to exercise her right of access to her place of employment without fear of injury, embarrassment, and unnecessary frustration.

7. Plaintiff's negative occurrences have been continual and repeating to the extent that Plaintiff now has great fear of going to work, as her access into and out of the building, along with accessibility within the building, are the cause of great danger, frustration, and humiliation.

8. Plaintiff has standing to bring the present cause of action:

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

    a. Plaintiff is physically disabled according to the definition provided by the ADA, as she is "substantially impaired in the major life activity of walking."

    b. Plaintiff is being denied proper access to Cadillac Place, where she must travel to and from and/or otherwise conduct business, as such, she is being denied her rights as provided to her by the ADA.

9. The State of Michigan is a public, government entity within the meaning and definition of the ADA.

10. The MSF is a public, government entity within the meaning and definition of the ADA, created by P.A. 270 of 1984.

## FACTUAL ALLEGATIONS

11. Cadillac Place is a 15-story high-rise office complex located at 3044 West Grand Boulevard in Detroit, Michigan.

12. In 2002, Cadillac Place underwent one of the nation's largest historic renovation projects to date, yet failed to come into compliance with the ADA. Such alteration triggers the need to comply with the higher accessibility requirements spelled out in the ADA.

13. Cadillac Place is owned by Defendant MSF, an agency of the State of Michigan, created by P.A. 270 of 1984.

14. Defendant State of Michigan leases and operates Cadillac Place, which houses over 2,000 state employees, government officials' offices, a Workers' Compensation court, and the Michigan Court of Appeals for District I.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

15. Plaintiff is employed by the Michigan Economic Development Corporation (MEDC), within Cadillac Place, and has routinely and repeatedly found Defendants to violate her rights under the ADA.

16. As of the filing of this Complaint, both Defendants continually fail to comply with their legal obligations to provide accessibility for disabled patrons and Plaintiff is unaware of any audit to assess the gravity of the known violations.

17. These acts and omissions by Defendants violate clearly established federal law.

18. Upon information and belief other complaints have been filed concerning these accessibility problems with the Defendants.

19. The denial of basic accessibility to Cadillac Place owned by the MSF and operated by the State of Michigan impedes Plaintiff and others with disabilities from full and equal enjoyment of the rights of citizenship in a free society. In particular, this denial results in isolation, the perpetuation of social stigmas, loneliness, and social deprivation; it produces humiliation, frustration, and low self-image; limits professional, personal, family, recreational and educational opportunities by restricting participation in travel, and imposes unnecessary irrational and unlawful obstacles to enjoying the benefits available to others without disabilities.

20. Defendants have seriously injured Plaintiff and others similarly situated in other ways as well. Plaintiff's injuries include, but are not limited to, emotional distress, loss of social interaction, loss of camaraderie, and pain and suffering.

21. On information and belief, Plaintiff alleges that the Defendants, through their policies, agents, and employees, have acted intentionally, willfully, in bad faith,

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

and/or with reckless indifference for the federal legal rights of Plaintiff and others with disabilities, in committing the acts and omissions stated here.

22. Defendants continues to discriminate against Plaintiff and others based on their disabilities, by denying plaintiff and others with equal access to Cadillac Place, resulting in ongoing injury to plaintiff and other disabled individuals.

23. Plaintiff has no adequate remedy at law. While Plaintiff reserves the right to seek monetary relief, she is not expressly doing so through this complaint. Plaintiff seeks equitable relief for Defendants' ongoing acts and omissions, as stated herein, and wishes for Cadillac Place to be brought into compliance with the ADA.

24. In short, Cadillac Place is not equally accessible to the disabled, and as such, Defendants are in violation of the aforementioned statutes and their own publicly pronounced commitment to inclusion.

## COUNT I

### VIOLATION OF TITLE II AND TITLE III OF THE AMERICANS WITH DISABILITIES ACT.

25. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 24, inclusive;

26. In enacting the ADA, Congress expressly determined that society tends to isolate and segregate people with disabilities; that individuals with disabilities continually encounter prejudice and discrimination, including outright exclusion and the failure to eliminate exclusionary criteria; that this nation should assure equality of opportunity for all participation, independent living, and economic self-sufficiency to individuals with disabilities; and that continuing discrimination impedes them

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

from competing on an equal basis and pursuing opportunities available to other citizens. 42. U.S.C. 12101(a).

27. The express purpose of the ADA is to provide a clear and comprehensive national mandate for eliminating discrimination against individuals with disabilities; to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and to ensure that the federal government plays a central role in enforcing the standards established in the Act on behalf of individuals with disabilities 42 U.S.C. 12101 (b).

28. The Plaintiff is a person who constitutes a "qualified individual(s) with a disability" under the ADA.

29. Defendant, State of Michigan, is a "public entity" as defined by the ADA and operates Cadillac Place in a manner discriminatory to the disabled.

30. Defendant, MSF, owns Cadillac Place, and is a "public entity" as defined by the ADA.

31. Both Defendants are engaged in the ownership and operation of Cadillac Place, a place of public accommodation.

32. Through the acts and omissions alleged here, Defendants have acted in disregard of Plaintiff's disabilities, inhibited Plaintiff from access to Cadillac Place, the building in which her place of employment, and even a Court of Appeals, are found, and subjected her to discrimination, in violation of the ADA.

33. Defendants' acts and omissions are in violation of the equal access and nondiscrimination requirements set forth in Title II and Title III of the ADA, and the

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

regulations promulgated thereunder, and have resulted in injury to Plaintiff and others similarly situated.

34. Defendants' acts and omissions constitute an ongoing and continuous violation of Title II and Title III of the ADA. Unless restrained and enjoined from doing so, Defendants will continue to violate this statute and to inflict irreparable injuries for which Plaintiff has no adequate remedy at law.

35. The American's with Disabilities Act Accessibility Guidelines for Buildings and Facilities (ADAAG) is the identified architectural standard to be used in facilities covered by the ADA.

36. Defendants are in violation of the ADA and applicable ADAAG standards. Such violations include, but are not limited to the following:

   a. Failure to provide adequate parking for the disabled in parking areas operated and / or controlled by the Defendants.

   b. Failure to protect or prevent the obstruction of curb ramps by illegally parked, state-owned vehicles.

   c. Failure to comply with ADAAG requirements regarding the slope of ramps positioned at the accessible entrances of the building.

   d. Failure to provide handrails at accessible entries.

   e. Failure to provide adequate timing and an adequate floor plan in order to allow disabled individuals an opportunity to safely board elevators.

   f. Failure to provide interior doorways with the necessary hardware and opening force to allow access by disabled individuals.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

g. Failure to slope the changes of level greater than one-quarter of an inch at the entrances to the restrooms.

37. The Defendants, State of Michigan and MSF continue to denigrate their disabled patrons by avoiding their obligation to comply with the ADA.

38. As stated above, Defendants have failed to comply with even the most minimal provisions of the Americans with Disabilities Act Architectural Guidelines, and are woefully in violation of their obligations to provide accommodation to patrons who are disabled.

## COUNT II

### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. 794) ET SEQ AND RELATED.

39. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 38, inclusive.

40. Section 504 states in part that "no qualified individual with a disability in the United States shall be excluded from, denied the benefits of, or be subjected to discrimination under" any program or activity that either receives Federal financial assistance or is conducted by any Executive agency.

41. Plaintiff is a qualified individual with a disability as defined by Section 504.

42. Upon information and belief, Defendant State of Michigan receives federal financial assistance in its programs and activities.

43. Upon information and belief, Defendant, MSF, receives federal financial assistance in its programs and activities and is an entity created by legislative enactment.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

44. As referenced above, Defendants have consistently discriminated against Plaintiff and other similarly situated individuals with disabilities by failing to make the Cadillac Place Building accessible to Plaintiff and other persons with disabilities. WHEREFORE, plaintiff requests the relief set forth below.

## **PRAYER FOR RELIEF**

Plaintiff prays for the following relief:

45. A declaration that Defendants' acts and omissions unlawfully violate plaintiff's rights under the American's with Disabilities Act of 1990 (ADA), the ADAAG guidelines, and the Rehabilitation Act of 1973.

46. An injunction restraining the Defendants from operating State Government Offices, Programs, and Services, including sessions of the Michigan Court of Appeals, within the Cadillac Place Building, unless and until the Building is brought into compliance with Federal Law.

47. A further injunction or other order instructing Defendants to actually provide individuals with disabilities with full and equal access to Cadillac Place, said order allowing Plaintiff, or Plaintiff's representative to review all plans and/or construction drawings prior to their implementation.

48. A further injunction restraining the Defendants from discriminating against individuals with disabilities.

49. Although Plaintiff seeks no compensatory damages at this time, Plaintiff wishes to reserve the right to amend and request compensatory damages should it become necessary to encourage the Defendants to comply with federal law.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

50. Although Plaintiff seeks no actual attorney's fees or costs, Plaintiff wishes to reserve the right to amend and request attorney's fees and costs should it become necessary to encourage the Defendants to comply with federal law.

51. All other relief that this Court deems just and proper.

Respectfully submitted,
THE SAM BERNSTEIN LAW FIRM

By: _____
Richard H. Bernstein (P58551)
Attorney for Plaintiff
31731 Northwestern Highway
Farmington Hills, MI 48334
(248) 737-8400
(248) 737-4392 (facsimile)

Dated: July 10, 2012

THE SAM BERNSTEIN LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED LIABILITY COMPANY